IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDICAL BILLING CONSULTANTS, INC., d/b/a Medbillz.com, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No. 01C 9148 ) ) Hon. James B. Moran |
| INTELLIGENT MEDICAL OBJECTS, INC., | ) ) |
| Defendant/Counter-Claimant, | ) ) |
| and FRANK NAEYMI-RAD, | ) ) |
| Defendant. | ) ) |

**DOCKETED MAY 2 0 2002**

**FILED MAY 16 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

## REPLY TO COUNTERCLAIM

Medical Billing Consultants, Inc. ("MBC"), by and through its attorneys of record, for its Reply to the Counterclaim filed by defendant/counter-claimant, Intelligent Medical Objects, Inc. ("IMO"), states as follows:

## THE PARTIES

1. Defendant and counter-claimant Intelligent Medical Objects, Inc., ("IMO") is an Illinois Corporation having a principal place of business at 60 Drive, Suite 475, Northbrook., Illinois 60062-4080.

## ANSWER

MBC admits the allegations contained in paragraph 1.



2. Plaintiff and counter-defendant Medical Billing Consultants, Inc., d/b/a Medbillz.com, ("MBC") is an Illinois Corporation having a principal place of business at 200 South Michigan Avenue, Suite 805, Chicago, Illinois 60604.

### ANSWER

MBC admits the allegations contained in paragraph 2.

### JURISDICTION & VENUE

3. This Court has jurisdiction over IMO's claims arising under the statutory and common laws of the State of Illinois pursuant to 28 U.S.C.§ 1367(a) because these claims are so related to MBC's claims that they form part of the same case or controversy.

### ANSWER

MBC admits that this Court has subject matter and supplemental jursidiction over MBC's claims. MBC denies the remaining allegations of paragraph 3.

4. A substantial portion of the events or omissions giving rise to the claims occurred or will occur in this judicial district, and venue is therefore proper under 28 U.S.C. § 1391(b) and (c).

### ANSWER

MBC admits that venue is proper.

### GENERAL ALLEGATIONS

5. IMO is in the business of providing products and services to the healthcare information technology industry, including software development, support and consulting services.

### ANSWER

MBC admits that at all times relevant to this action, IMO has been engaged in the marketing, development and sale of computer software products. MBC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 5, and therefore denies those allegations.

2

6. On January 17, 2000, the parties entered into an agreement ("Consulting Agreement") under which IMO was to provide to MBC certain consulting services related to the development of a web site. The parties subsequently executed Addendum I, Addendum II, and Addendum III to the Consulting Agreement. (See Exhibit D to Amended Complaint.)

### ANSWER

MBC admits that on January 17, 2000, IMO and MBC entered into a "Consulting Agreement" for the provision of computer goods and services, and that the parties subsequently executed three Addenda to that Agreement. MBC further admits that true and correct copies of the Agreement and Addenda were attached to the Amended Complaint as Exhibit D. MBC denies all allegations contained in paragraph 6 inconsistent with the terms set forth in the documents attached to the Amended Complaint as Exhibit D.

7. IMO has performed all services required of it under the Consulting Agreement and the Addenda thereto.

### ANSWER

MBC denies the allegations contained in paragraph 7.

8. At the request of MBC, IMO has performed additional services not required under the Consulting Agreement for which it has not been paid. The value of the services for which IMO has not been paid is in excess of $80,000.

### ANSWER

MBC denies the allegations contained in paragraph 8.

9. On August 11, 2000, the parties executed an agreement ("Assignment Agreement") assigning to MBC the copyright interests in certain works created by IMO for MBC under the Consulting Agreement. Relevant pages from the document referenced in that agreement which define the scope of copyright interests assigned to MBC and the scope of the copyright interests retained by IMO are attached as Exhibit A. The remaining pages of this document consist primarily of source code, and are not attached.

3

### ANSWER

MBC admits that on August 11, 2000, MBC, IMO and Frank Naeymi-Rad, individually, executed a written Copyright Assignment document, and that a copy of the Copyright Assignment is attached as Exhibit A to the Amended Complaint. MBC denies all allegations contained in paragraph 9 inconsistent with the terms set forth in the document attached to the Amended Complaint as Exhibit A.

10. On September 15, 2000, the parties entered into an agreement ("License Agreement") under which MBC obtained a license to use certain materials owned or licensed by IMO. The License Agreement is attached as Exhibit B.

### ANSWER

MBC admits that on or about September 15, 2000, Dr. Steven DeAngeles executed the document attached as Exhibit B to defendant/counter-claimant's Counterclaim. MBC denies all allegations contained in paragraph 10 inconsistent with the terms set forth in that document.

11. Under the License Agreement, MBC was obligated to pay to IMO certain minimum royalty fees and to provide documentation of the number of end users of the licensed products.

### ANSWER

MBC states that the terms set forth in the License Agreement speak for themselves, and denies the allegations contained in paragraph 11.

12. MBC has never provided documentation of the number of end users of the licensed products.

### ANSWER

MBC denies the allegations contained in paragraph 12.

4

13. On September 15, 2001, MBC failed to make the annual minimum royalty payment required under the License Agreement.

### ANSWER

MBC denies the allegations contained in Paragraph 13.

14. On October 4, 2001, pursuant to the License Agreement, IMO sent MBC a Notice of Default giving IMO 30 days to perform its obligations under the License Agreement. The Notice of Default is attached as Exhibit C.

### ANSWER

MBC admits that counsel for IMO sent MBC a letter on or about October 4, 2001, and that a copy of that letter is attached as Exhibit C to defendants/counter-claimant's Counterclaim. MBC states that the terms contained in the letter cited in paragraph 14 speak for themselves. MBC denies the remaining allegations contained in paragraph 14.

15. MBC did not respond to the Notice of Default.

### ANSWER

MBC denies the allegations contained in paragraph 15.

16. On November 7, 2001, pursuant to the License Agreement, IMO sent MBC a Notice of Termination and requested the return of all licensed materials as required by the License Agreement. The Notice of Termination is attached as Exhibit D.

### ANSWER

MBC admits that counsel for IMO sent MBC a letter on or about November 7, 2001, and that a copy of that letter is attached as Exhibit D to defendants/counter-claimant's Counterclaim. MBC states that the terms contained in the letter cited in paragraph 16 speak for themselves. MBC denies the remaining allegations contained in paragraph 16.

17. MBC has not returned the licensed materials as required under the License Agreement.

### ANSWER

MBC denies the allegations contained in paragraph 17.

### COUNT I - BREACH OF LICENSE AGREEMENT

18. IMO realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 17 of this Counterclaim.

### ANSWER

MBC reincorporates its responses to paragraphs 1 through 17 as though fully set forth herein.

19. The License Agreement entered into by the parties on September 15, 2000 constitutes a valid and enforceable contract. (See Exhibit B.)

### ANSWER

Paragraph 19 calls for a legal conclusion for which no answer is required. Nevertheless, MBC denies the allegations contained in paragraph 19.

20. IMO has duly performed its obligations under the License Agreement.

### ANSWER

MBC denies the allegations contained in paragraph 20.

6

21. MBC failed to provide the required documentation of the number of end users of the licensed products, failed to pay to IMO the minimum annual royalty fee due on September 15, 2001, and failed to return the licensed materials upon Notice of Termination and has therefore breached the License Agreement.

### ANSWER

MBC denies the allegations contained in paragraph 21.

22. As a direct and proximate result of MBC's breach, IMO has suffered actual damages.

### ANSWER

MBC denies the allegations contained in paragraph 22.

### COUNT II - QUANTUM MERUIT

23. IMO realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 17 of this Counterclaim.

### ANSWER

MBC reincorporates its responses to paragraphs 1 through 17 as though fully set forth herein.

24. IMO has performed services at the request of MBC which were not required under the Consulting Agreement.

### ANSWER

MBC denies the allegations contained in paragraph 24.

25. MBC has benefited from the services performed by IMO.

### ANSWER

MBC denies the allegations contained in paragraph 25.

7

26. MBC has unjustly retained the benefit of the services performed by IMO without compensating IMO.

## ANSWER

MBC denies the allegations contained in paragraph 26.

\* \* \* \* \* \* \* \* \* \*

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

MBC also pleads the following affirmative defenses to the claims set forth in the Counterclaim filed by IMO:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim fails to state facts sufficient to establish a right to damages against MBC.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim fails to state facts sufficient to entitle defendant/counter-claimant to injunctive or other equitable relief against MBC.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

This Court lacks original jurisdiction over the subject matter of the claims asserted by defendant/counter-claimant.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the Counterclaim are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant/counter-claimant is barred from obtaining any relief sought by reason of its own unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Counterclaim are barred by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

Defendant/counter-claimant has breached its own obligations under each and every contract referenced in the Counterclaim, and by reason of such breaches, IMO has forfeited any right to assert such claims.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaim fails to state facts sufficient to establish a right to attorney's fees against MBC.

### ELEVENTH AFFIRMATIVE DEFENSE

The License Agreement identified in the Counterclaim is void for lack of consideration.

### TWELFTH AFFIRMATIVE DEFENSE

The injunctive and other relief prayed for in the Counterclaim is against public policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

MBC relies upon all applicable statutes of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

MBC relies upon all applicable statutes governing the jurisdiction of this Court.

WHEREFORE, Plaintiff/Counter-defendant, Medical Billing Consultants, Inc., prays:

1. That IMO take nothing by said Counterclaim;

2. That judgment for MBC be entered against IMO;

3. That IMO's Counterclaim be dismissed with prejudice;

4. That MBC be awarded all costs and attorneys fees associated with or incurred in connection with IMO's Counterclaim; and

5. That MBC be awarded such further relief as the Court deems just and proper.

Dated: May 15, 2002

Respectfully submitted,

*[signature]*

One of the attorneys for Plaintiff/Counter-defendant
MEDICAL BILLING CONSULTANTS, INC.

Kristin J. Achterhof (No. 06206476)
Floyd A. Mandell (No. 01747681)
Jennifer W. Rosenberg (No. 06275802)
KATTEN MUCHIN ZAVIS ROSENMAN
525 West Monroe Street
Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5200

James P. Chandler (No. 90785310)
THE CHANDLER LAW FIRM CHARTERED
1815 Pennsylvania Ave., NW
Suite 300
Washington, D.C. 20006
(202) 296-8484

## CERTIFICATE OF SERVICE

I, Kristin J. Achterhof, an attorney, state that I caused a copy of the attached Reply to Counterclaim to be served upon:

>Mark V.B. Partridge
>Gary A. Pierson, II
>PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD
> & GERALDSON
>Suite 5000
>311 South Wacker Drive
>Chicago, IL 60604
>Phone: 312-544-7922
>Fax:    312-544-8015

by first class mail delivery, proper postage prepaid, this 15th day of May, 2002.

Kristin J. Achterhof  (#06206476)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDICAL BILLING CONSULTANTS, INC. d/b/a Medbillz.com, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) ) Case No. 01 C 9148 |
| INTELLIGENT MEDICAL OBJECTS, INC., | ) ) ) |
| Defendant/Counter-Claimant, | ) Hon. James B. Moran |
| and FRANK NAEYMI-RAD, | ) ) ) |
| Defendant. | ) |

## NOTICE OF FILING

TO: See Attached Certificate of Service

PLEASE TAKE NOTICE that on May 16, 2002, we timely filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604, a REPLY TO COUNTERCLAIM, a copy of which was previously served upon you on May 15, 2002.

Dated: May 16, 2002            By: _____
                                   One of the Attorneys for Plaintiff,
                                   Medical Billing Consultants, Inc.

Kristin J. Achterhof  (No. 06206476)
KATTEN MUCHIN ZAVIS ROSENMAN
525 West Monroe Street
Suite 1600
Chicago, Illinois  60661-3693
(312) 902-5200

## CERTIFICATE OF SERVICE

I, Kristin J. Achterhof, an attorney, state that I caused a copy of the attached Notice of Filing to be served upon:

> Mark V.B. Partridge
> Gary A. Pierson, II
> PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD
>  & GERALDSON
> Suite 5000
> 311 South Wacker Drive
> Chicago, IL 60604
> Phone: 312-544-7922
> Fax:   312-544-8015

by first class mail delivery, proper postage prepaid, this 16th day of May, 2002.

Kristin J. Achterhof (#06206476)