

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9148 | **DATE** | 2/26/2003 |
| **CASE TITLE** | Medical Billing Consultants etc. Vs. Intelligent Medical etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's Rule 56(f) motion is denied and plaintiff is hereby ordered to respond to defendants motion for summary judgment on the copyright infringement claim by March 9, 2003. Defendants shall reply by April 2, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 27 2003 date docketed | 69 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 03 FEB 26 PM 1:48 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 27 2003

| | |
|---|---|
| MEDICAL BILLING CONSULTANTS INC., d/b/a Medbillz.com, <br><br> Plaintiff, <br><br> vs. <br><br> INTELLIGENT MEDICAL OBJECTS, INC. and FRANK NAEYMI-RAD, <br><br> Defendants. | No. 01 C 9148 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Medical Billing Consultants, Inc. (MBC) filed suit against defendants Intelligent Medical Objects, Inc. (IMO) and Frank Naeymi-Rad alleging numerous claims, including copyright infringement, arising from IMO's development and licensing of computer software and a website for MBC. Defendants filed a motion for summary judgment on the copyright infringement claim. MBC responded by filing a Federal Rule of Civil Procedure 56(f) motion to delay consideration of the summary judgment motion pending further discovery. For the following reasons, plaintiff's Rule 56(f) motion is denied.

## BACKGROUND

In September 1999, MBC contacted IMO about the possibility of entering into a relationship to create the website, "Medbillz.com." On January 17, 2000, the two parties executed a signed consulting agreement pursuant to which IMO would review MBC's business plan and begin the process of launching the website. Because the relationship involved the necessary disclosure of confidential information, the contract dealt extensively with the allocation of intellectual property between the parties. MBC claimed a copyright registration in the Medbillz web site on November 7, 2001.

Sometime in 2000, the relationship between the parties broke down. MBC alleges that IMO's CEO, Frank Naeymi-Rad, began requesting an equity interest in MBC despite contractual provisions to the contrary. MBC further alleges that the website failed to function properly and that IMO failed to complete the website in the form required by contract. Finally, MBC alleges that IMO and Naeymi-Rad, after the failure of this project, used copyrighted and proprietary material belonging to MBC in future business dealings, breaching the contract and infringing the copyright owned by MBC.

IMO filed a summary judgment motion on December 3, 2002, as to the copyright infringement claim -- count I of the complaint. MBC responded by filing a motion to delay ruling on the summary judgment motion, arguing that more discovery is necessary. MBC claims that, among other things, it still needs to depose at least four important witnesses before it can adequately respond to the summary judgment motion.

## DISCUSSION

While we have discretion to grant a 56(f) motion, it should not be simply used as a shield to block a summary judgment motion. United States v. On Leong Chinese Merchants Ass'n Bldg., 918 F.2d 1289, 1294-95 (7th Cir. 1990). A party invoking the protections of Rule 56(f) must demonstrate in good faith that it cannot adequately respond to movant's affidavits. *Id.* Moreover, it must point to specific evidence that it reasonably believes it will discover if given the additional time. *Id.* Finally, the party must also demonstrate that it has not been dilatory in pursuing the necessary discovery. United States v. Bob Stofer Oldsmobile-Cadillac, Inc., 766 F.2d 1147, 1152-53 (7th Cir. 1985). We may grant a motion for summary judgment prior to the completion of discovery. *See* Chambers v. American Trans Air, Inc., 17 F.3d 998, 1002 (7th Cir. 1994).

Defendants do not contend, at least for the purposes of their motion, that plaintiff does

not have valid copyright. Rather, they contend that through a series of interlocking agreements the parties spelled out who has what rights in what intellectual property. MBC owns certain properties, and they are covered by the copyright. IMO retained rights in other properties, some of which it leased to MBC for non-exclusive use. The motion, in essence, asks this court to interpret the agreements, which defendants assert are unambiguous, and contend that a comparison between the MBC property rights covered by the copyright and the source code for the IMO web site conclusively shows that IMO is using only the property it retained, not anything owned by MBC and covered by the copyright.

Plaintiff seeks considerable additional discovery before responding, including considerable information from defendants' customers. That raises concerns respecting expense, the disclosure of proprietary information and the possible impact on customer relations. Perhaps plaintiff does need more information, but it has not yet demonstrated persuasively that necessity. Plaintiff has the agreements. It can respond by advising the defendants and the court whether or not those are all the agreements; what allocation of the intellectual properties it believes the relevant agreements provide; whether or not those agreements are ambiguous in that respect and, if so, why; whether it is claiming that IMO is infringing its copyright by uses beyond the source code for the IMO web site, and, if so, how and by what means; and whether or not the source code for the IMO web site or other uses infringes plaintiff's copyright and, if so, in what respect. Contract interpretation is customarily up to the court. Infringement is generally a fact determination, but it can be a question of law if the alleged infringement is compared to the copyrighted material and that discloses that the accused material either is not covered by the copyright or cannot be covered by the copyright because it is owned by another. If plaintiff can demonstrate that such discovery is necessary to resolve any material issue, then summary judgment must of course be denied. Defendants must, however, respond to plaintiff's

arguments and demonstrate that issues of fact surrounding these questions require the additional discovery, and set forth what it hopes to learn and how.

### CONCLUSION

For the foregoing reasons, plaintiff's Rule 56(f) motion is denied and plaintiff is hereby ordered to respond to defendants' motion for summary judgment on the copyright infringement claim by March 19, 2003. Defendants shall reply by April 2, 2003.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 26, 2003.