

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 9148 | DATE | 4/3/2003 |
| CASE TITLE | Medical Billing etc. Vs. Intelligent Medical etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to compel the production of documents is denied for now and its motions to compel inspection of computer records and for sanctions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 04 2003 | |
| | Notified counsel by telephone. | | date docketed | 81 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEDICAL BILLING CONSULTANTS, INC., )
d/b/a Medbillz.com, )
)
          Plaintiff, )
)
   vs. )   No. 01 C 9148
)
INTELLIGENT MEDICAL OBJECTS, INC. )
and FRANK NAEYMI-RAD, )
)
          Defendants. )

DOCKETED
APR 0 4 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Medical Billing Consultants, Inc. (MBC) filed suit against defendants Intelligent Medical Objects, Inc. (IMO) and Frank Naeymi-Rad alleging numerous claims, including copyright infringement, arising from IMO's development and licensing of computer software and a website for MBC. Plaintiff filed a motion to compel production of documents, a motion to compel inspection of IMO's computer records and a motion for sanctions pursuant to Federal Rule of Civil Procedure 37. For the following reasons, plaintiff's motion to compel the production of documents is denied for now and its motions to compel inspection of computer records and for sanctions are denied.

## BACKGROUND

In September 1999, MBC contacted IMO about the possibility of entering into a relationship to create the website "Medbillz.com." On January 17, 2000, the two parties executed a signed consulting agreement pursuant to which IMO would review MBC's business plan and begin the process of launching the website. Because the relationship involved the

necessary disclosure of confidential information, the contract dealt extensively with the allocation of intellectual property between the parties.

Sometime in 2000, the relationship between the parties broke down. MBC alleges that IMO's CEO Frank Naeymi-Rad began requesting an equity interest in MBC, despite contractual provisions to the contrary. MBC further alleges that the website failed to function properly and that IMO failed to complete the website in the form required by contract. Finally, MBC alleges that IMO and Naeymi-rad, after the failure of this project, used copyrighted and proprietary material belonging to MBC in future business dealings, breaching the contract and infringing the copyright owned by MBC.

Plaintiff now asks us to compel defendants to produce all documents relating to the distribution of plaintiff's intellectual property to third parties. Additionally, plaintiff seeks an order compelling IMO to allow on-site inspection of its computer records.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure allows parties to obtain discovery of any relevant evidence. This discovery encompasses any matter that affects or could affect anything at issue in the litigation. *See* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Any party objecting to a discovery request bears the burden of showing why such discovery is improper. Chicago Dist. Council of Carpenters Pension Fund v. D.P. Builders, Inc., 1997 WL 685021, *3 (N.D. Ill. 1997).

1. Motion to Compel Production of Evidence

In its first motion plaintiff seeks to discover documents belonging to defendants that relate to communications with third parties involving the use or sale of plaintiff's intellectual

property. MBC argues that this evidence is related to its claims against plaintiff, as well as its defenses to defendants' counterclaims and pending motion for summary judgment on the copyright claims of December 3, 2002. Defendants have refused to produce many of the requested documents, arguing that the copyright claims are issues solely of contract law, and therefore the requested discovery is unnecessary. Defendants also argue that plaintiff's requests are so vague as to be unduly burdensome, and that the discovery would result in disclosure of trade secrets and other secret information.

Defendants cannot restrict discovery to what they believe are the relevant issues in the lawsuit. *See* Meyer v. Southern Pacific Lines, 199 F.R.D. 610, 612 (N.D. Ill. 2002). Instead, they must reasonably respond to discovery requests relating to all potentially relevant evidence. Defendants claim that summary judgment on the contract claims can be granted by looking at the written agreements, making this additional discovery unnecessary. The documents requested by defendants would then become irrelevant to this lawsuit.

The information requested by plaintiff may contain sensitive business information and trade secrets belonging to the defendants. While a protective order may ensure the secrecy of the disclosed information, it will not alleviate all concerns related to the disclosure of the evidence. Moreover, IMO does not dispute using the software components in work that it performs for other parties. The documents included in plaintiff's requests involve *how* the defendants have used the components at issue in the lawsuit and their dealings with third parties (price paid for the components, descriptions of the components by IMO, etc.), not *whether* they do so. Discovery of these documents at this point in the litigation is not necessary as defendants are willing to concede the most important issue.

A decision on defendants' summary judgment motion will serve to define the scope of further necessary discovery. If defendants are correct and the copyright infringement claims can be decided solely by looking at the parties' agreements, such discovery may be irrelevant. Likewise, if plaintiff prevails, such a decision will help determine what documents are necessary to prove damages, among other issues. To the extent that the evidence at issue in this motion is necessary to decide the issues in the case, summary judgment will of course be denied. Plaintiff's motion to compel document production is denied until after a decision on defendants' summary judgment motion.

## II. Motion to Compel Computer Inspection

Plaintiff also seeks an order compelling defendants to allow experts to perform a physical inspection of defendants' computer equipment. MBC claims that e-mail communications between former IMO employee Fabio Almeida and IMO were not disclosed and that IMO has failed to perform an adequate search of its computer files. Defendants argue that they have performed such a search and turned over the e-mails to plaintiff and that any physical inspection of the computers would be burdensome.

Plaintiff specifically points to a June 21, 2001 e-mail from defendant Naeymi-Rad to Almeida. It appears as though that e-mail was in fact turned over from defendants to plaintiff (IMO 06195) on or about January 31, 2003. Likewise, defendants now claim to have offered full disclosure of the relevant e-mails to plaintiff's counsel. We have no reason to believe that there are additional records on the computer that will be relevant to this case. It is therefore unnecessary to compel a physical search of the computers when it appears as though plaintiff now has access to the specific information it seeks to discover. There is no further evidence

as to withholding of or tampering with evidence by the defendants. Such a physical inspection is likely to unduly burden defendants without leading to the discovery of otherwise unobtainable relevant evidence.

### III. Motion for Sanctions

Rule 37 allows us to issue sanctions against parties who unreasonably refuse to respond to discovery requests. Because we deny plaintiff's motions to compel and believe that defendants' refusals are reasonable at this point, plaintiff's motion for sanctions is denied.

### CONCLUSION

Plaintiff MBC's motion to compel document production is denied until after consideration of defendants' summary judgment motion, MBC's motion to compel inspection of defendants' computers is denied and its motion for sanctions is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 3, 2003.